UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY 3.3025983 BITCOIN CRYPTOCURRENCY, 0.0095 BITCOIN CRYPTOCURRENCY, 8.92959927 BITCOIN CRYPTOCURRENCY, 1,752.6898 ELECTRO-OPTICAL SYSTEM CRYPTOCURRENCY, 21.550427 ETHEREUM CRYPTOCURRENCY, 94.6 TETHER CRYPTOCURRENCY AND 222,545.9 TETHER CRYPTOCURRENCY,

Defendants.

TOWER RESEARCH CAPITAL LLC,

Claimant.

Case No. 2:26-cv-01332-MCS-RAO

**CONSENT JUDGMENT**

Plaintiff United States of America (the “government”) and Claimant Tower Research Capital LLC (“Claimant”), by and through their respective counsel of record, have stipulated and requested that the Court enter this consent judgment to carry into effect the terms of the stipulation as to the below identified defendants in this action (the “Defendant Property”), which is dispositive of this action.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

1. This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C).

3. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. The government received a timely claim from Claimant, no other claims have been filed, and the time for filing claims has expired.

4. The government will not seek forfeiture of the Defendant Property and will, instead, return the Defendant Property to Tower Research Capital LLC as the sole victim and Claimant. Said property consists of approximately:

a) 3.3025983 Bitcoin;

b) 0.0095 Bitcoin;

c) 8.92959927 Bitcoin;

d) 1,752.6898 Electro-Optical System Cryptocurrency (“EOS”);

e) 21.550427 Ethereum;

f) 94.6 Tether; and

g) 222,545.9 Tether.

5. Claimant will withdraw any further claims or contestations against the government in connection with this forfeiture proceeding, including any claim for attorney fees in this action.

6. Any other unknown potential claimants to the Defendant Property are deemed to have admitted the allegations of the Complaint.

7. Claimant hereby releases the Government, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers,

employees and representatives of the Federal Bureau of Investigation and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation, any petitions for remission, which Claimant hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Claimant, whether pursuant to statute or otherwise

8. Upon request from the government, the Claimant, through its respective counsel, shall provide any necessary information to the government in order to complete the transfer of the Defendant Property to Claimant as described herein.

9. This Court shall retain jurisdiction in order to enforce this Order.

10. Each of the parties shall bear its own attorney fees and costs incurred in connection with the Defendant Property.

11. The government and Claimant consent to entry of this judgment and waive any right to appeal.

IT IS SO ORDERED.

Dated: October 2, 2026

Mark C. Scarsi

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE